UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CANDIS CROSS and TINA JOAQUIN,

        Plaintiff,

    v.

ST. CLAIR COUNTY,

        Defendant.

Case No. 23-cv-2594-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of defendant St. Clair County, Illinois, to dismiss the Second Amended Complaint filed by plaintiffs Candis Cross and Tina Joaquin pursuant to Federal Rules of Civil Procedure 12(b)(6) or, in the alternative, for a more definite statement pursuant to Rule 12(e) (Doc. 32). Cross and Joaquin have responded to the motion (Doc. 34). The Court will deny the motion because the plaintiffs' Second Amended Complaint pleads sufficient facts to plausibly suggest they have a right to relief from the County.

**I.    Background**

Cross and Joaquin are employees of the St. Clair County Emergency Management Administration ("EMA"), a subdivision of the County. In the Second Amended Complaint (Doc. 29), they assert that part of their jobs required being on-call outside of normal business hours, which in turn resulted in their working additional hours beyond their normal forty-hour work week. They were paid one and one-half times their normal hourly rate for this overtime ("overtime premium"). At the beginning of January 2022, the County gave them a raise but stopped paying them the overtime premium for overtime hours. The County investigated and determined that the failure to pay the overtime premium was in error and resumed the overtime premium in February 2023. It did not, however, go back and pay the overtime premiums the

plaintiffs had earned between January 2022 and February 2023.[1]

The plaintiffs sue the County because they believe the alleged failure to pay overtime for the period between January 2022 and February 2023 violates § 7(a)(1) of the Fair Labor Standards Act, 29 U.S.C. § 207(a)(1) (Count I), and § 4a(1) of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* (Count II).  The County asks for dismissal on the grounds that the plaintiffs fail to plausibly state a claim for relief or, in the alternative, to make the plaintiffs state additional facts such as the specific timeframe of their unpaid overtime work, the amount of pay they claim they are due, and who the plaintiffs communicated with about the situation.

## II.  Applicable Standards

When considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level.  *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing

---

[1] It is unclear whether the plaintiffs were not paid *at all* for their overtime work or whether they were paid their regular pay for those hours.  The Court will require the plaintiffs to clarify this detail.

2

*Bell Atl.*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

In *Bell Atlantic*, the Supreme Court rejected the more expansive interpretation of Rule 8(a)(2) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *Bell Atl.*, 550 U.S. at 561-63; *Concentra Health Servs.*, 496 F.3d at 777. Now "it is not enough for a complaint to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above the speculative level.'" *Concentra Health Servs.*, 496 F.3d at 777 (quoting *Bell Atl.*, 550 U.S. at 555).

Nevertheless, *Bell Atlantic* did not do away with the liberal federal notice pleading standard. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). A complaint still need not contain detailed factual allegations. *Bell Atl.*, 550 U.S. at 555. Nevertheless, it must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*, 550 U.S. at 555. If the factual detail of a complaint is "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8," it is subject to dismissal. *Airborne Beepers*, 499 F.3d at 667; *see, e.g., Kaminski*, 8 F.4th at 776-77.

Where a defendant thinks a complaint is too vague or ambiguous for it to respond intelligently or for the Court to handle the litigation effectively, it may move for a more definite statement under Federal Rule of Civil Procedure 12(e); *see Shuhaiber v. Ill. Dep't of Corr.*, 980 F.3d 1167, 1170 (7th Cir. 2020). Under that rule, it is within the Court's discretion whether to

order a party to provide a more definite statement, although such motions are not favored in view of the liberal federal pleading standards discussed above. *Lucas v. Blankenship Constr. Co.*, No. 22-cv-56-JPG, 2023 WL 7300216, * 1 (S.D. Ill. Nov. 6, 2023).  More definite statements are most often reserved for complaints that are unintelligible, not those that simply lack detail.  *See, e.g., American Nurses' Ass'n v. State of Ill.*, 783 F.2d 716, 726 (7th Cir. 1986); *Stepp v. Covance Cent. Lab. Servs., Inc.*, 931 F.3d 632, 634 (7th Cir. 2019) (noting that if a complaint were indecipherable, defendant could have sought a more definite statement); *Moore v. Fidelity Fin. Servs.*, 869 F. Supp. 557, 559-60 (N.D. Ill. 1994); *FDIC v. Wise*, 758 F. Supp. 1414, 1418 (D. Colo. 1991).  Discovery is a more appropriate vehicle for fleshing out the details of a case.  *See Moore*, 869 F. Supp. at 560.  Furthermore, courts are not receptive to such motions if the details sought could easily be obtained by the defendant.  *See* 2 James W. Moore *et al.*, *Moore's Federal Practice* ¶ 12.36[3] (3d ed. 2005).

**III.    Analysis**

Having carefully reviewed the plaintiffs' Second Amended Complaint, the Court concludes that the pleading is far from undecipherable or unintelligible and instead that the plaintiffs plead sufficient facts to satisfy the federal notice pleading standard embodied in Rule 8(a).  With one minor exception, a more definite statement is not needed to enable the defendant to respond to the allegations in the Second Amended Complaint.

Specifically, the plaintiffs alleges in their pleading the exact timeframe they worked overtime but were not paid the overtime premium—January 2022 to February 2023.  They allege when each began working for the EMA and the type of work each did.  They plead in detail their regular work schedules, their on-call status, the resulting average number of hours they worked in excess of forty hours per week, and their regular rate of pay.  With one more detail, it would

4

not be a far leap to calculate the amount of overtime each claims to be due. That missing detail, as noted in footnote 1, is whether they were paid their regular rate of pay or *not paid at all* for the overtime hours. The Court will order the plaintiff to declare that detail.

In addition, the plaintiffs name at least one supervisor to whom Joaquin complained, and the reason offered by the County for why they were not paid overtime pay for their overtime work from January 2022 to February 2023. With one exception, the Court is at a loss to think of what the plaintiffs could further plead that would not exceed the federal notice pleading requirements. And the Court notes that many of the details the County apparently seeks are likely within its own records such as, for example, which specific weeks each plaintiff worked more than forty hours, who their supervisors were, and when they complained to them.

In sum, with one clarifying detail the Court will order, there are enough facts in the Second Amended Complaint to paint a picture of regular overtime payment violations. It is clear to the Court what the plaintiffs are claiming the EMA did wrong, when it did it, and how it accomplished that wrong. With the detail about what, if anything, the plaintiffs were paid for overtime during 2022, this is certainly enough information for the County to investigate their allegations and prepare a response. To the extent the County seeks information about specific days relevant events occurred, it can flesh out those details in discovery.

**IV.   Conclusion**

For the foregoing reasons, the Court:

- **DENIES** the County's motion to dismiss the plaintiffs' Second Amended Complaint pursuant to Rule 12(b)(6) (part of Doc. 32);

- **GRANTS** the County's motion for a more definite statement pursuant to Rule 12(e) (part of Doc. 32);

- **ORDERS** the plaintiffs to file a more definite statement within 14 days of entry of this order specifying whether the plaintiffs were not paid *at all* for their overtime work during

5

the relevant period or whether they were paid their regular pay for those overtime hours; and

- **ORDERS** that the County shall have 14 days from service of the plaintiffs' more definite statement to answer the Second Amended Complaint.  *See* Fed. R. Civ. P. 12(a)(4).

**IT IS SO ORDERED.**
**DATED:  January 16, 2024**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
